UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-12698-RGS

JUDITH E. MITCHELL and DOUGLAS M. MITCHELL

v.

SELENE FINANCE, LP and U.S. BANK TRUST NATIONAL
ASSOCIATION, not in its individual capacity but solely as
owner trustee for RCF 2 Acquisition Trust

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

February 22, 2024

STEARNS, D.J.

Plaintiffs Judith and Douglas Mitchell[1] fell behind on their mortgage payments in late 2022. Defendant Selene Finance, LP, acting on behalf of U.S. Bank Trust National Association, mailed the Mitchells a statutory notice of default in February of 2023. Believing that the notice violated Massachusetts law by failing to provide sufficient notice of the right to cure the default, the Mitchells sued defendants on October 16, 2023, in Plymouth Superior Court. The Complaint sets out two counts, both of which allege

---

[1] The Mitchells' Complaint and Opposition to the Motion for Judgment on the Pleadings consistently refer to "Plaintiffs Russell" and to the mortgage as the "Russell's Mortgage." The court assumes that this is a cut-and-paste error and that plaintiffs' counsel means to refer to the named plaintiffs, the Mitchells.

violations of Mass. Gen. Laws ch. 183, § 21.[2]  Defendants removed the case to the U.S. District Court on November 8, 2023, and now move for judgment on the pleadings under Rule 12(c).  The court will allow the motion.

## BACKGROUND

On February 12, 1999, the Mitchells were granted ownership of 20 Dwight Street in Halifax, Massachusetts (the Property).  Compl. ¶ 11 (Dkt. # 1-1).  Seven years later, on August 4, 2006, the Mitchells took out a $200,000 mortgage loan secured by the Property.  *Id.* ¶ 12; Decl. of Donald W. Seeley Jr. (Seeley Decl.) (Dkt. # 10), Ex. 1 (Mortgage Contract) at 16.  Paragraph 22 of the Mitchells' Mortgage Contract authorized the mortgagee, U.S. Bank,[3] to accelerate the loan and invoke the statutory power of sale in response to a default.  Mortgage Contract at 14.  Paragraph 22 also required U.S. Bank to comply with certain notice requirements no earlier than 30 days prior to

---

[2] Count I seeks a declaratory judgment that "the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sale of the subject property are all void."  Compl. § 26.  A declaratory judgment technically is not a cause of action but prayer for relief.  *See Narragansett Indian Tribe v. Rhode Island Dep't of Transp.*, 903 F.3d 26, 30-31 (1st Cir. 2018); *Madden v. State Tax Comm'n*, 333 Mass. 734, 737 (1956).

[3] The Mortgage Contract identified Mortgage Electronic Registration Systems, Inc. as the mortgagee, but following a series of assignments, on April 28, 2022, U.S. Bank assumed legal title of the Mitchells' mortgage.  Compl. ¶ 14; Seeley Decl., Exs. 1-5.

accelerating the loan, including, as relevant here, that U.S. Bank inform the Mitchells of their right to "bring a court action to assert the non-existence of a default or any other defense . . . to acceleration and sale." *Id.*

In December of 2022, the Mitchells defaulted. Compl. ¶ 1; Mem. in Supp. of Mot. for J. on the Pleadings (Mot.) (Dkt. # 9) at 3. Selene, acting on behalf of U.S. Bank in its role as servicer of the mortgage loan, sent the Mitchells a hybrid default notice[4] (Default Notice) titled "90 Day Right to Cure Your Mortgage Default." Seeley Decl., Ex. 6 at 2; *see also* Compl. ¶ 15. The Default Notice stated, in relevant part, that the Mitchells "[had] the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale of the property." Default Notice at 7.

## DISCUSSION

F.R.C.P 12(c) permits a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed," so long as the motion does not delay the trial of the case. The standard for a motion for judgment on the pleadings is similar to that of a motion to dismiss under Rule 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the

---

[4] A hybrid notice is a default notice meant to comply with both Mass. Gen. Laws ch. 244, § 35A, and the power of sale provisions of the mortgage contract. *See Thompson v. JP Morgan Chase Bank*, 486 Mass. 286, 292-293, 294 (2020).

3

pleadings as a whole." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006).  The court views "the facts contained in the pleadings in the light most favorable to the nonmovant and draw[s] all reasonable inferences therefrom." *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).

Dismissal is appropriate only when the pleadings fail to support a "plausible entitlement to relief." *Villeneuve v. Avon Prods., Inc.*, 919 F.3d 40, 49 (1st Cir. 2019).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  Thus, "[j]udgment on the pleadings is proper only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  *Great Lakes Ins. SE v. Andersson*, 66 F.4th 20, 25 (1st Cir. 2023).

**Counts I & II – Declaratory Judgment and Mortgage Power of Sale**

Paragraph 22 of the Mitchells' Mortgage Contract states, in relevant part: "The [default] notice shall . . . inform Borrower of the right to reinstate after acceleration and *the right to bring a court action* to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."  Mortgage Contract at 14 (emphasis added).  The Mitchells claim that

4

the Default Notice failed to adequately explain their ability to immediately initiate a pre-foreclosure judicial proceeding because the Notice implied that they could delay any assertion of their defenses until after U.S. Bank sought judicial permission to foreclose. According to the Mitchells, this alleged deviation from strict compliance with the Mortgage Contract, "could potentially mislead [them] to sit on their rights, . . . leading to a potentially higher balance and higher reinstatement amount since there will be more fees." Compl. ¶ 23; *see also id.* ¶ 39.

The fatal error in the Mitchell's reasoning is this. Under Massachusetts law, a mortgagee may foreclose "without immediate judicial oversight" through the statutory power of sale when "the mortgage itself gives the mortgagee a power of sale and includes by reference the statutory power." *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226, 232-233 (2015). This "substantial power" requires the mortgagee to strictly comply with the terms of the mortgage "directly concerned with the foreclosure sale authorized by the power of sale in the mortgage," and those terms "prescribing actions the mortgagee must take in connection with the foreclosure sale—whether before or after the sale takes place." *Id.* at 232, 235. Failure to so comply renders the foreclosure potentially voidable. *Id.*

In this case paragraph 22 of the Mortgage Contract "prescrib[ed] actions [that U.S. Bank] must take" before a foreclosure sale could take place. *See Thompson v. JP Morgan Chase Bank*, 982 F.3d 809, 811-812 (1st Cir. 2020). Consequently, the Default Notice had to inform the Mitchells of their right to *initiate* a legal action if they wished to assert any defenses to foreclosure. *See Pinti*, 472 Mass. at 238.

> The challenged section of the Default Notice stated:
>
> Failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Security Instrument[,] sale of the property and/or foreclosure by judicial proceeding and sale of the property.
>
> If you have not cured the default within ninety (90) days of this notice, Selene, at its option, may require immediate payment in full of all sums secured by your Security Instrument without further demand or notice, and foreclose the Security Instrument by judicial proceeding and sale of the property and/or invoke the statutory power of sale or any other remedies permitted by applicable law, and/or as provided within your Security Instrument . . . . *You have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale of the property.*

Default Notice at 4 (emphasis added).

The Mitchells argue that this provision could be misleading because of the use of "and/or" in several sentences.[5] In so arguing, they rely heavily on a recent First Circuit case, *Aubee v. Selene Fin. LP*, 56 F.4th 1 (1st Cir. 2022).

---

[5] The Complaint itself does not allege that the use of "and/or" made the Default Notice misleading.

6

The default notice at issue in *Aubee* stated: "[y]ou have the right . . . to assert in the foreclosure proceeding the non-existence of a default and/or the right to bring a court action to assert the non-existence of a default or any other defense to acceleration, foreclosure and/or sale of the property." *Id.* at 3. The First Circuit found that the use of "and/or" within the same sentence informing the mortgagors of their right to initiate a court proceeding invited confusion because it could lead them to believe they could wait for the mortgagee to initiate a court proceeding before asserting any defense.[6] *Id.* at 7-8.

    The Default Notice at issue here bears no material similarity to the notice in *Aubee* and as written complies with Massachusetts law. As an initial matter, *Aubee* does not control because the sentence explaining the Mitchells' right to bring a court action contained no "and/or" conjunctive language. Nor did the language that Selene used "inexcusably differ" from the language in paragraph 22 because it did not "water[] . . . down the rights provided in that paragraph." *Compare Fed. Nat'l Mortg. Ass'n v.*

---

[6] The First Circuit explained that the use of "and/or" could be understood to mean the mortgagor had: (1) only "the right to assert in the foreclosure proceeding the non-existence of a default"; (2) only "the right to bring a court action to assert the non-existence of a default or any other defense to acceleration, foreclosure and/or sale of the property"; or (3) both of those rights. *Aubee*, 56 F.4th at 9-10.

7

*Marroquin*, 477 Mass. 82, 90 (2017) (holding that a notice stating "you *may* have the right to bring a court action to assert the non-existence of a default" did not strictly comply with paragraph 22 (emphasis added)) (second alteration in original). Further, the use of "and/or" in sentences preceding the court-action disclosure would not cause a reasonable mortgagor to misunderstand his or her right to initiate a court action as the Mitchells suggest. The previous sentences are wholly unrelated to the Mitchells' ability to defend against default; they merely describe the various avenues U.S. Bank may rely upon if the default is not cured within the specified time. What was said in the Default Notice at issue here complied with the requirements of Mass. Gen. Laws ch. 183, § 2, and, as a consequence, defendants' motion for judgment on the pleadings must be ALLOWED.

## ORDER

Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE